**EXHIBIT 3**

# SOUTH FLORIDA HOTEL AND CULINARY EMPLOYEES WELFARE FUND

# AGREEMENT AND DECLARATION OF TRUST

*Effective Date July 1, 1980 Amended and Restated January 1, 2010*

# TABLE OF CONTENTS

*Section*                                                                                          *Page*

### ARTICLE I - DEFINITIONS

| | | |
|---|---|---|
| 1.1 | Administrative Manager | 1 |
| 1.2 | Administrator | 1 |
| 1.3 | Beneficiary | 1 |
| 1.4 | Collective Bargaining Agreement | 1 |
| 1.5 | Consultant | 1 |
| 1.6 | Contributions | 1 |
| 1.7 | Custodian | 1 |
| 1.8 | Delinquent Contributions or Delinquencies | 1 |
| 1.9 | Employee | 1 |
| 1.10 | Employer | 2 |
| 1.11 | ERISA | 3 |
| 1.12 | Fiduciary | 3 |
| 1.13 | Named Fiduciary | 3 |
| 1.14 | Participant | 3 |
| 1.15 | Participation Agreement | 3 |
| 1.16 | Party-in-Interest | 3 |
| 1.17 | Plan | 3 |
| 1.18 | Policy | 3 |
| 1.19 | Trust Agreement | 4 |
| 1.20 | Trust Fund | 4 |
| 1.21 | Trustees | 4 |
| 1.22 | Union | 4 |

### ARTICLE II - CREATION AND PURPOSES OF FUND

| | | |
|---|---|---|
| 2.1 | Creation | 5 |
| 2.2 | Effective Date | 5 |

### ARTICLE III - BOARD OF TRUSTEES

| | | |
|---|---|---|
| 3.1 | Number, Appointment, Term | 6 |
| 3.2 | Resignation and Removal | 7 |
| 3.3 | Successor Trustees, Appointment | 7 |

| | | |
|---|---|---|
| 3.4 | Successor Trustees, Assumption of Office | 7 |
| 3.5 | Acceptance of the Trust by Trustees | 7 |
| 3.6 | Limitation of Liability of Trustees | 7 |
| 3.7 | Office of the Fund | 8 |
| 3.8 | Officers | 8 |
| 3.9 | Power to Act in Case of Vacancy | 8 |
| 3.10 | Meetings; Notices | 8 |
| 3.11 | Attendance at Meetings; Minutes | 8 |
| 3.12 | Quorum; Voting; Action Without Meeting | 9 |
| 3.13 | Manner of Acting in the Event of Deadlock | 9 |
| 3.14 | Removal of Trustees | 10 |
| 3.15 | Prohibited Transactions | 10 |
| 3.16 | Qualifications of Trustees | 10 |

### ARTICLE IV  CONTRIBUTIONS AND COLLECTIONS

| | | |
|---|---|---|
| 4.1 | Employer Contributions | 11 |
| 4.2 | Receipt of Payment and Other Property of Trust | 11 |
| 4.3 | Collection and Enforcement of Payments | 12 |
| 4.4 | Production of Records | 12 |
| 4.5 | Costs of Collection | 12 |
| 4.6 | Late Payment Service Fees | 13 |
| 4.7 | Effect of Non-Payment | 13 |

### ARTICLE V  POWERS AND DUTIES OF TRUSTEES

| | | |
|---|---|---|
| 5.1 | Conduct of Trust Business | 14 |
| 5.2 | Use of Fund for Expenses | 14 |
| 5.3 | Use of Fund to Provide Benefits | 14 |
| 5.4 | Procurement of Insurance; Self-Insurance | 14 |
| 5.5 | Investments | 15 |
| 5.6 | Deposits and Disbursements | 18 |
| 5.7 | Allocation and Delegation of Non-Investment Responsibilities | 18 |
| 5.8 | Committee of the Board of Trustees | 18 |
| 5.9 | Administrative Manager | 18 |
| 5.10 | By-Laws, Rules and Regulations | 19 |
| 5.11 | Additional Authority | 19 |
| 5.12 | Bonds | 20 |
| 5.13 | Insurance | 20 |
| 5.14 | Information to Participants and Beneficiaries | 21 |
| 5.15 | Accountants | 21 |
| 5.16 | Trustee Reimbursement | 21 |

| | | |
|---|---|---|
| 5.17 | Reports | 21 |
| 5.18 | Records of Trustee Transactions | 21 |
| 5.19 | Construction and Determination by Trustees | 21 |
| 5.20 | Liability | 22 |
| 5.21 | Reliance on Written Instruments | 23 |
| 5.22 | Discharge of Liability | 24 |
| 5.23 | Establishment of Plan | 24 |
| 5.24 | Amendment of Plan | 25 |
| 5.25 | Audit | 25 |
| 5.26 | Non-Diversion | 25 |

## ARTICLE VI - CONTROVERSIES AND DISPUTES

| | | |
|---|---|---|
| 6.1 | Submission to Trustees | 26 |
| 6.2 | Settling Disputes | 26 |

## ARTICLE VII - BENEFICIAL RIGHTS

| | | |
|---|---|---|
| 7.1 | No Right, Title or Interest of Employers | 27 |
| 7.2 | Limitation Upon Beneficial Rights of Employees | 27 |

## ARTICLE VIII - TERMINATION OF TRUST

| | | |
|---|---|---|
| 8.1 | Conditions of Termination | 28 |
| 8.2 | Procedure in Event of Termination | 28 |
| 8.3 | Notification Upon Termination | 28 |

## ARTICLE IX - MISCELLANEOUS

| | | |
|---|---|---|
| 9.1 | Law Applicable | 30 |
| 9.2 | Savings Clause | 30 |
| 9.3 | Other Employers and Their Employees May Join the Plan | 30 |
| 9.4 | Reciprocity Agreements | 30 |
| 9.5 | Merger | 30 |
| 9.6 | Judicial Settlements | 30 |
| 9.7 | Withholding Payment | 31 |
| 9.8 | Qualification of Trust Personnel | 31 |
| 9.9 | Vesting of Rights | 31 |
| 9.10 | Gender | 31 |
| 9.11 | Amendment to Trust Agreement | 31 |

| | |
|---|---|
| SIGNATURE PAGE | 32 |

# SOUTH FLORIDA HOTEL AND CULINARY EMPLOYEES WELFARE FUND

## AGREEMENT AND DECLARATION OF TRUST

THIS AGREEMENT AND DECLARATION OF TRUST, effective January1, 2010, made and entered into by and between HOTEL EMPLOYEES RESTAURANT EMPLOYEES LOCAL 355, hereinafter referred to as "The Union"; and the undersigned Union Trustees, hereinafter referred to as "Union Trustees", and the undersigned Employer Trustees, hereinafter referred to as "Employer Trustees" (who together with successor trustees, designated in the manner hereinafter provided, are hereinafter collectively referred to as "Trustees").

## W I T N E S S E T H:

WHEREAS, the Union has executed and from time to time will hereafter execute collective bargaining agreements with various employers, which, among other things, will provide for a certain payment by employers who are bound by a collective bargaining agreement, into a Welfare Fund for the benefit of those employees who are covered by this Agreement and their families, dependents and beneficiaries; and

WHEREAS, the Trustees are authorized to enter into this trust agreement, have been duly appointed in accordance with the provisions of the Agreements and Declarations of Trust in effect from time to time; and

WHEREAS, to effectuate the aforesaid purposes, the Union and the Trustees desire to continue the Welfare Fund originally established on or about July 2, 1956, which will conform to the applicable provisions of all Federal and State laws and which qualify as an exempt trust under the Internal Revenue Code and meet the requirements and qualify under the Employee Retirement Income Security Act of 1974 ("ERISA"); and

NOW, THEREFORE, in consideration of the premises and the covenants herein contained, and in consideration of the declaration of the Trustees, as designated herein and in office, by their

execution hereof, that they will accept the Trust and act as Trustees of this Fund and that they will receive and hold all monies or property which may come into their hands as Trustees under this Agreement and Declaration of Trust for the uses and purposes hereinafter set forth, and accept the other respective duties of Trustees hereunder, it is understood and agreed as follows:

**ARTICLE I**

---

# DEFINITIONS

Section 1.1.   Administrative Manager.   The term "Administrative Manager" as used herein shall mean that person or company defined in Section 5.9 of the Agreement and Declaration of Trust.

Section 1.2   Administrator.   The term "Administrator" as used herein shall mean the Board of Trustees as defined in Section 1.22 herein.

Section 1.3   Beneficiary.   The term "Beneficiary" shall mean a family member, dependent or other person designated by a participant or by the terms of the Health and Welfare Plan created pursuant to this Agreement and Declaration of Trust, who is or may become entitled to a benefit, thereunder.

Section 1.4   Collective Bargaining Agreement.   The term "collective bargaining agreement" as used herein shall mean any collective bargaining agreement to which the Union is party, and any extension, amendment, modification, renewal or successor thereof, which requires Employers to make payments to this Trust.

Section 1.5   Consultant   The term "consultant" as used herein shall mean any person or entity who, for compensation, advises, represents, or provides other assistance to the Trustees concerning the establishment, or operation of the Plan as defined in Section 1.18.

Section 1.6   Contributions   The term "contributions" shall mean the payments required of any Employer, as defined in Section 1.11 above, for this Fund, pursuant to a collective bargaining agreement or Participation Agreement.

Section 1.7   Custodian.   The term "custodian" as used herein shall mean one who is officially entrusted with guarding and keeping records, documents or property of this Trust Fund.

Section 1.8   Delinquent Contributions or Delinquencies.   The terms "delinquent contributions" or "delinquencies" as used herein shall mean Employer contributions not received by the Trustees or their designee within the time period required by the applicable collective bargaining agreement.

Section 1.9   Employee.   The term "Employee" as used herein shall mean:

---

1

**ARTICLE I**

(a)     Any Employee represented by the Union and working for an Employer as defined herein, and with respect to whose employment an Employer is required to make contributions into the Trust Fund.

(b)     An Officer or salaried Employee of the Employer, elected or appointed Officers or Employees of the Union, or International Parent body, or any Association entering into contractual relations with the Union; providing that the Trustees agree to accept such Officers or Employees; and, further, provided that in the case of full time Officers or full time Employees, contributions must be made in the same amount as provided for other Employees by a collective bargaining agreement.

(c)     Employees, if any, of this Trust Fund or any other Trust Fund established pursuant to a collective bargaining agreement who are not employed by an Employer as defined in Section 1.10, and who are proposed and accepted for such benefits by the Trustees.  As to such personnel as are Employees of the Trust Fund, or any other Trust Fund established pursuant to such collective bargaining agreements, the Trustees of such Trust Fund shall be deemed to be an Employer within the meaning of this Trust Agreement and may provide benefits for said Employees out of said Trust Fund, on the same basis as for other Employees.

(d)     A person, represented by or under the jurisdiction of the Union, who shall be employed by a governmental unit or agency, and on whose behalf payment of contributions shall be made at the times and at the rate of payment equal to that paid by an Employer, as defined in Section 1.11 of this Article, in accordance with a written agreement, ordinance or resolution.

Section 1.10  Employer.  The term "Employer" as used herein shall mean:

(a)     An Employer who is bound by a collective bargaining agreement with the Union providing for the making of payments to the Trust Fund with respect to Employees represented by the Union.

(b)     The Union, which, for the purpose of making the required contributions into the Trust Fund, shall be considered as the Employer of the Employees of the Union for whom the Union contributes to the Trust Fund.

(c)     An Employer who, while not generally recognizing the Union as the representative of its Employees, is bound to make contributions on behalf of certain of its Employees.

**ARTICLE I**

---

(d)    The Trustees of this Trust Fund, or any other Trust Fund established pursuant to a collective bargaining agreement, which contributes on behalf of its Employees, as defined in Section 1.10.

Section 1.11  ERISA.    The term "ERISA" as used herein shall mean the Employee Retirement Income Security Act of 1974 and any amendments as may from time to time be made thereto, any regulations promulgated pursuant to the provisions of ERISA, and any binding decisions or rulings by any court or agency interpreting or construing said law.

Section 1.12  Fiduciary.  For purposes of this Agreement any person who, with respect to the plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of the plan or exercises any authority or control respecting management of the plan or exercises any authority or control respecting management or disposition of its assets,, (ii) renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of the plan, or has any authority or responsibility to do so, or (iii) has any discretionary authority or discretionary responsibility in the administration of the plan shall be deemed a fiduciary.  Such term includes any person designated by the Board to perform and/or carry out fiduciary responsibilities hereunder.

Section 1.13  Named Fiduciary.  The term "named fiduciary" as used herein shall mean the Board of Trustees as defined in Section 1.21 herein.

Section 1.14  Participant.    The term "Participant" shall mean any Employee or former Employee of an Employer who is or may become eligible to receive a benefit of any type from this Fund or whose beneficiaries may be eligible to receive any such benefit.

Section 1.15  Participation Agreement.  The term "Participation Agreement" shall mean any written agreement pursuant to which contributions are paid or payable to this Fund on behalf of the employees who are not covered under a collective bargaining agreement.

Section 1.16  Party-in-Interest.    The term "party-in-interest" shall mean such persons as are described in ERISA.

Section 1.17  Plan.  The term "Plan" or "Health and Welfare Plan" shall mean the plan, program, method, rules, and procedures for the payment of benefits from the Trust Fund established by the Agreement and Declaration of Trust and amendments thereto.

Section 1.18  Policy.  The term "Policy" whether singular or plural shall meanly any insurance policy, contract or contracts, issued pursuant to the Trust Agreement and accepted by

**ARTICLE I**

the Trustees as a part of the Trust Agreement and shall include any amendments, riders or modifications or other alterations and additions thereto if such amendments, riders, modifications, alterations and/or additions to such policy were accepted by the Trustees.

Section 1.19   Trust Agreement.   The terms "Trust Agreement" or "Agreement and Declaration of Trust" as used herein shall mean this instrument, including all amendments, modifications, and rules and resolutions as may from time to time be made.

Section 1.20  Trust Fund.  "Trust", "Trust Fund" and "Fund" as used herein shall mean the entire trust estate of the South Florida Hotel and Culinary Employees Welfare Fund as it may, from time to time be constituted, including, but not limited to, all funds received in the form of contributions, together with all contracts (including dividends, interest, refunds, and other sums payable to the Trustees on account of such contracts), all investments made and held by the Trustees, all income, increments, earnings and profits therefrom, and any and all other assets, property or funds received and held by the Trustees by reason of their acceptance of this Agreement and Declaration of Trust.

Section 1.21   Trustees.   The term "Trustees" as used herein shall mean the Trustees designated in this Trust Agreement, together with their successors, designated and appointed in accordance with the terms of this Trust Agreement.   The first Trustees under this Agreement shall be those Trustees serving on the effective date of this Agreement pursuant to the terms of the first Amended and Restated Agreement and Declaration of Trust.

(a)   The term "Employer Trustees" as used herein shall mean the Trustees appointed by the Employer Trustees as provided hereunder.

(b)   The term "Union Trustees" as used herein shall mean the Trustees appointed by the Union as provided hereunder.

Section 1.22   Union.   The term "Union" as used herein, shall mean HOTEL EMPLOYEES RESTAURANT EMPLOYEES LOCAL 355 its successors and assigns, and such other Union or Unions as may from time to time be accepted for participation hereunder under such terms and conditions as may be required by the Trustees.

**ARTICLE II**

## CREATION AND PURPOSES OF FUND

Section 2.1   Creation.   The Trust Fund has been created, and established and is maintained, and the Trustees agree to receive, hold and administer the Trust Fund, for the sole and exclusive purpose of providing such benefits as now are, or hereafter may be authorized or permitted by law for participants and their beneficiaries, regardless of Union membership, and in accordance with the provisions set forth herein and in the Plan.  It is intended that this Trust Fund and Plan be a "multiemployer plan" as that term is defined in Section 3(37) of ERISA and otherwise comply with the provisions of Section 501 of the Internal Revenue Code and Section 302(c)(5) of the Labor Management Relations Act.

Section 2.2 Effective Date.   This Agreement and Declaration of Trust shall be in full force and effect as of July 1, 2009, and is a continuation of the Agreement and Declaration of Trust and all amendments thereto of the original Trust Agreement effective July 1, 1980.

# ARTICLE III

## BOARD OF TRUSTEES

Section 3.1 Number, Appointment, Term. The Trust Fund shall be administered by a Board of Trustees consisting of no more than six (6) Trustees, provided that at all times, the number of Union Trustees and Employer Trustees shall be equal. The Trustees as of the date of execution of this Agreement and Declaration of Trust are as follows:

| UNION TRUSTEES | EMPLOYER TRUSTEES |
|---|---|
| Andres Madtes | Regina Mort |
| Bill Grandfield | |

The Union shall appoint all Union Trustees in accordance with its own internal rules.

The Employer Trustees shall be appointed by the Employers provided that all Employer Trustees shall be persons signatory to a collective bargaining agreement or if the Employer is a corporation, the corporation shall be signatory to a collective bargaining agreement.

Two (2) alternate Trustees, one (1) representing the Union and appointed by the Union and one (1) representing the Employers and appointed by the Employer Trustees, may be appointed and shall, in the absence of the regularly appointed Trustees, have all the power of Trustees.

A vacancy shall occur, whenever a Trustee resigns or when a Trustee is removed or by reasons of death or incapacity. Successor Trustees shall be named as provided in Section 3.3.

Section 3.2 Resignation and Removal. A Trustee may resign and become and remain fully discharged from all further duty or responsibility thereunder upon giving thirty (30) days' notice in writing to the remaining Trustees and to the party by whom he was appointed, or such shorter notice as the remaining Trustees may accept as sufficient. In the notice there shall be stated a date on which such resignation shall take effect; and such resignation shall take effect on the date specified in the notice unless a successor Trustee shall have been appointed at an earlier date, in which event such resignation shall take effect immediately upon the appointment of such successor Trustee. An Employer Trustee may be removed from office at any time by action of the Employer Trustees. Written notice of such action shall be delivered to the Union, the Chairman and Secretary-Treasurer of the Trustees serving at that time, the administrative manager and legal counsel. A Union Trustee may be removed from office at any time by action

of the Union, written notice of such action to be delivered to the Chairman and Secretary-Treasurer of the Trustees serving at that time, the administrative manager and legal counsel.

Section 3.3   Successor Trustees, Appointment.   If any Employer Trustee shall die, become incapable of acting hereunder, resign, or be removed a Successor Employer Trustee shall be appointed by the remaining Employer Trustees.  Such appointment shall be in writing and shall be delivered to the Union, the Chairman and Secretary-Treasurer of the Trustees serving at that time, the administrative manager and legal counsel.  If any Union Trustee shall die, become incapable of acting hereunder, resign, or be removed, a Successor Union Trustee shall be appointed by the Union, such appointment to be in writing and be delivered to the Chairman and Secretary-Treasurer of the Trustees serving at that time, the administrative manager and legal counsel.

If such a vacancy is not filled within a thirty (30) day period, any remaining Employer and/or Union Trustee, respectively, may, within ten (10) days thereafter, petition the United States District Court for the Southern District of Florida to appoint a Successor Trustee from that class of persons qualified to serve as set forth in Section 3.16 herein.

The Fund shall at all times be administered by an equal number of Employer and Union Trustees.

Section 3.4 Successor Trustees,  Assumption of Office.  Any Successor Trustee shall immediately upon appointment and acceptance of the Trusteeship, become vested with all the property rights, powers and duties of a Trustee hereunder with like effect as if originally named a Trustee, without the necessity of any formal conveyance or other instrument of title.

Section 3.5 Acceptance of the Trust by Trustees.  A Trustee may execute a written acceptance in a form satisfactory to the Trustees and consistent with ERISA.  By executing such written acceptance, a Trustee shall be deemed to have accepted the Trust created and established by this Trust Agreement and to have consented to act as Trustee and to have agreed to administer the Trust Fund as provided herein.  Such written acceptance shall be filed with the Fund's administrative manager who shall notify the remaining Trustees of the receipt of such acceptance.

Section 3.6 Limitation of Liability of Trustees.  No Successor Trustee shall in any way be liable or responsible for anything done or committed in the administration of the Trust prior to the date of becoming a Trustee.  No Trustee shall be liable for the acts or omissions of another Trustee to whom certain responsibilities, obligations or duties have been delegated pursuant to this Trust Agreement.

**ARTICLE III**

Section 3.7  Office of the Fund.   The principal office of the Trust Fund shall be located and maintained in Miami - Dade County in the State of Florida or at such other locations in the State of Florida as the Trustees may determine.

Section 3.8  Officers.  The Trustees shall elect from among themselves a Chairman and a Secretary-Treasurer to serve for a term of one (1) year, or until his or their successors have been elected.  When the Chairman is elected from the Employer Trustees, then the Secretary-Treasurer shall be elected from the Union Trustees; and when the Chairman shall be elected from the Union Trustees, then the Secretary-Treasurer shall be elected from the Employer Trustees.  The Secretary-Treasurer or such other person as the Trustees may designate, shall keep minutes and records of all meetings, proceedings and acts of the Trustees and shall, with reasonable promptness, send copies of such minutes and records to all Trustees and legal counsel.  The Chairman shall preside at all meetings of the Trustees.

Section 3.9  Power to Act in Case of Vacancy.   In case of death, resignation or refusal or inability to act of any one or more of the Trustees, the remaining Trustees shall have all the powers, rights, estates and interests of this Trust, and shall be charged with its duties, provided that, in such cases there shall be no change in the quorum or voting requirements established in Section 3.12 hereof.

Section 3.10  Meetings; Notices.  The Trustees shall meet at such times as they deem it necessary to transact their business.  The Chairman or the Secretary-Treasurer of the Board of Trustees may, and upon the written request of any two (2) Trustees shall, call a meeting of the Trustees at any time by giving at least five (5) days' notice in writing, of the time and place, thereof to the remaining Trustees.  A meeting of the Trustees may be held at any time without notice if all of the Trustees consent thereto by an instrument in writing, or if all of the Trustees attend such meeting.

Section 3.11  Attendance at Meetings; Minutes.  All official meetings of the Trustees shall be attended only by the Trustees and shall not be open to the public, except such other persons may attend as may be designated by the Trustees or when invited to do so, and as may be otherwise required by law.  Written minutes, a copy of which shall be furnished with reasonable promptness to each Trustee and legal counsel, shall be kept of all business transacted and of all matters upon which voting shall have occurred and the vote shall be recorded.  Such minutes shall bear the signature of the Secretary-Treasurer and shall be approved at the succeeding meeting.

**ARTICLE III**

Section 3.12  Quorum; Voting; Action Without Meeting.

(a)     A quorum shall consist of two (2) Trustees, with at least one (1) Employer Trustees and one (1) Union Trustees.  If at any meeting the number of Employer and Union Trustees present shall be unequal, then the group of Trustees lesser in number shall be entitled to cast the same number of votes as the other group of Trustees.  In the event there shall be present at any one meeting less than all of the Trustees of a group and such Trustees shall be unable to agree as to the manner in which the vote of the absent Trustee shall be cast, then those Trustees who are present shall cast the vote of the absent Trustee on a prorata basis.

(b)     A quorum of a committee or subcommittee of the Board of Trustees established in accordance with this Trust Agreement or otherwise, shall be at least one (1) Employer Trustee and one (1) Union Trustee, except as provided otherwise in this Trust Agreement or by law.

(c)     Any action taken by the Trustees, except as herein otherwise provided shall be by affirmative vote of a majority of the votes cast at a meeting.  The Trustees must cast their votes in person, except as provided in Subsection (a) of Section 3.12.

(d)     Action by the Trustees on any proposition may also be taken without a meeting if all of the Trustees agree thereto in writing.

Section 3.13  Manner of Acting in the Event of Deadlock.

(a)     A deadlock shall be deemed to exist whenever a proposal, nomination, motion or resolution made and seconded by any of the Trustees in not adopted or rejected by a majority vote and the maker of the proposal, nomination, motion or resolution notifies the remaining Trustees that the deadlock exists.

(b)     In the event of a deadlock, the Trustees shall promptly provide a joint written statement of the issues and relevant facts.  If the Trustees cannot agree upon said joint statement, then the Employer and the Union Trustees shall prepare respective statements of the issues and facts, and each shall serve a copy upon the other, or upon any agent designated in writing.

(c)     The joint statement or the separate statement shall be delivered to an impartial umpire selected by mutual agreement of the Trustees.

(d)     The impartial umpire shall have no power to resolve the deadlock beyond the matters contained in the submission or submissions served upon him.  The umpire may not make any decision or finding of fact which would change or alter in any manner any provision of the

Trust Agreement or which would tend to jeopardize the qualification of the Plan pursuant to applicable laws including without limitation the Internal Revenue Code.

(e)     In the event the Trustees cannot agree within a reasonable time upon an impartial umpire to resolve their deadlock, the umpire shall be selected by the U.S. District Court for the Southern District of Florida, by petition of the Employer Trustees or of the Union Trustees.

(f)     The cost and expenses incidental to any appointment of an umpire and the holding of proceedings before him, including the fee, if any, for such umpire, shall be a proper charge against the Trust Fund, and the Trustees are authorized and directed to apply such charges; provided, however, that the Trust Fund shall not be charged for any expenses incurred for any attorneys' fees, consultants, witnesses, and any similar expenses in amounts more than that determined by the Trustees to be reasonable and proper.

(g) .    Any decision by an umpire, whether selected by the Board of Trustees or appointed by said Court, shall be final and binding upon the Board of Trustees.

Section 3.14  Removal of Trustees..  The Board of Trustees shall initiate action to cause the removal of any fellow Trustee who may be serving as a Trustee in violation of this Agreement, ERISA or other applicable law.  The vacancy or vacancies caused by such a removal shall be filled in accordance with Section 3.3 of this Article.

Section 3.15  Prohibited Transactions.  Notwithstanding any action being taken by the Board of Trustees as provided in this Article, no transaction shall be authorized between the Trust Fund and any party-in-interest, except to the extent that such transactions are permissible practices under ERISA.

Section 3.16  Qualifications of Trustees.  No person may serve as a Trustee hereunder who:

(a)     is in violation of Section 411 of ERISA;

(b)     if an Employer Trustee, is not signatory to a current collective bargaining agreement or participation agreement, or

(c)     if a Union Trustee, is not a member of the Union.

**ARTICLE IV**

## CONTRIBUTIONS AND COLLECTIONS

Section 4.1  Employer Contributions.

(a)     Each Employer shall make prompt contributions or payment to the Trust Fund in such amount and under the terms as are provided for in the applicable collective bargaining agreement in effect from time to time between the Employer or his bargaining representative and the Union. An Employer may also be required to make contributions in such amount and under such terms as agreed to by such Employer in writing, provided that such contributions shall be subject to acceptance by the Trustees.   The Employer agrees that such contributions shall constitute an absolute obligation to the Trust Fund, and such obligation shall not be subject to, by way of illustration and not limitation, set-off or counterclaim which the Employer may have for erroneous contributions to any other Trust Funds, or for any other liability of the Union, of an Employee, or any other Trust Funds, or for any other liability of the Union, of an Employee, or any other person.

(b)     Contributions to the Fund shall be paid to the Trustees or to such depository as the Trustees shall designate, only by check, bank draft, or money order, or its equivalent, made payable to the order of the SOUTH FLORIDA HOTEL AND CULINARY EMPLOYEES WELFARE FUND, or as otherwise provided in the applicable collective bargaining agreement upon such forms as specified by the Trustees.   The payment of contributions shall be made periodically at such times as may be provided in the applicable collective bargaining agreement. In the absence of any such provision in a collective bargaining agreement, the payment of contributions shall be made periodically at such times as the Trustees shall specify.

(c)     Each Employer shall be responsible only for the contributions payable by him on account of Employees covered by him except as may be otherwise provided by law.  No other Employers or groups shall be responsible for the contributions, payments, or other obligations of any other Employer except as may be otherwise provided by law.

Section 4.2  Receipt of Payment and Other Property of Trust.

The Trustees or such other person or entity designated or appointed by the Trustees in accordance with Section 5.8 of Article V are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers and Employees. The Trustees are hereby vested with all right, title and interest in and to such monies and all interest which may be accrued thereon, and are authorized to receive and to be paid the same.

**ARTICLE IV**

Section 4.3 Collection and Enforcement of Payments. The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or the administrative manager if one has been appointed and when directed by such committee or by the Board of Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement. They shall take such steps, including the institution and prosecution of, or the intervention in such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Trust Fund for the purpose of collecting such payments, money and property, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary and wishes to undertake for such purposes.

Section 4.4  Production of Records.   Each Employer shall promptly furnish to the Trustees, on demand, such records and information as are required by the Board of Trustees in order to determine compliance with this Agreement. The Employer shall also furnish to the Trustees, on demand, such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund. The Trustees may, by their respective representative, including auditors, examine the pertinent records of each Employer at the Employer's place of business. Such examination shall not be limited to solely the payroll records of the employees covered by this Agreement, but shall, within the discretion of the Board of Trustees, include such other records, books and documents for other employees or subcontractors, if necessary, for determining compliance with this Agreement. The Union shall, upon request of the Trustees, promptly furnish information in respect to an employee's employment status.

Section 4.5  Costs of Collection.

(a)     The Trustees may require the payment by Employers, in addition to the interest and liquidated damages provided within this Trust Agreement, such other costs and expenses, including costs of an audit, reasonable attorneys' fees, late payment service fees, and court costs incurred by the Trustees and arising out of the collection of such Employer's delinquent contributions in accordance with the applicable collective bargaining agreement.

(b)     In addition to any remedies provided for in the collective bargaining agreement , this Trust Agreement or any rules adopted by the Trustees, any Employer who fails to timely pay fringe benefit contributions may be required to pay to the Trust Fund, in addition to the fringe benefit contributions, the following

12

**ARTICLE IV**

---

(1)     Interest on unpaid or untimely paid contributions at the rate prescribed in Section 6621 of the Internal Revenue Code of 1986, as amended, from the date when such contributions became due to the date of actual payment; and

(2)     20% liquidated damages on unpaid and untimely paid fringe benefit contributions.

Section 4.6  Late Payment Service Fees.  The parties recognize and acknowledge that the regular and prompt payment of contributions to the Fund are essential to the operation of the Fund and the providing of benefits under the Plan and accordingly that time is of the essence in the Contributing Employer's payment thereof.  In the event any contribution is delinquent for a period of more than ten (10) days, there may be added to and become a part of the amount due and unpaid a charge of not less than Ten (10%) Percent of amount of such delinquent contribution.

Section 4.7   Effect of Non-Payment.   Non-payment, by any Employer of any contributions or other monies owed to the Fund shall not relieve any other Employer from its obligation to make required payments to the Trust Fund.