**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division**

**CASE NO. 1:20-cv-22667-RNS**

| | |
|---|---|
| FONTAINEBLEAU FLORIDA HOTEL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE SOUTH FLORIDA HOTEL AND CULINARY EMPLOYEES WELFARE FUND; AND UNITE HERE, LOCAL 355,<br><br>Defendants. | [29 U.S.C. § 185] |
| UNITE HERE, LOCAL 355,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>FONTAINEBLEAU FLORIDA HOTEL, LLC; DOES 1-50,<br><br>Counterclaim Defendant. | |

**DEFENDANT UNITE HERE LOCAL 355'S ANSWER TO THE COMPLAINT AND
COUNTERCLAIM TO COMPEL ARBITRATION**

Defendant UNITE HERE Local 355 ("Local 355") answers the Complaint as follows:

1. Local 355 admits that Fontainebleau Miami Beach Hotel ("Fontainebleau") is an historic and architectural landmark in the City of Miami Beach. Local 355 admits that on or about March 24, 2020, Fontainebleau closed temporarily due to the Covid-19 pandemic and an order that the City of Miami Beach issued intended to minimize the spread of Covid-19. Local 355 further admits that on or about March 30, 2020, Fontainebleau temporarily laid off

employees, including approximately 1,077 employees whom Local 355 represents and that the temporary layoff was effective on or about March 30, 2020.  Local 355 denies that Fontainebleau permanently laid off any employees whom Local 355 represents.  Local 355 lacks information or belief as to the remaining allegations in the first paragraph of paragraph 1 of the Complaint and on that basis denies all such allegations.

      Local 355 admits that it and the South Florida Health and Culinary Employees Welfare Fund ("Fund") demanded that Fontainebleau make the contributions to the Fund that Fontainebleau agreed to make in its Collective Bargaining Agreement with Local 355 (the "CBA") on behalf of laid off employees.  Local 355 denies that the laid off employees are no longer employed by Fontainebleau.  Local admits that the total amount that Fontainebleau owes or will owe to the Fund is over four million dollars, but lacks information and belief as to the precise amount that Fontainebleau owes.  Local 355 denies that its demand that Fontainebleau comply with its contractual obligation to make contributions to the Fund has or will continue to place Fontainebleau under a financial cloud.  Local 355 denies all other allegations in the second paragraph of paragraph 1 of the Complaint.

      Local 355 denies all allegations in the third paragraph of paragraph 1 of the Complaint.

THE PARTIES

      2.  Local 355 admits that Fontainebleau operates a historically and architecturally significant hotel in Miami Beach.  Local 355 admits that Fontainebleau reopened in 2008 following renovations, and that Fontainebleau has approximately 1,500 guestrooms, approximately 12 restaurants and bars, a large spa, and an oceanfront pool.  Local 355 lacks information or belief as to the remaining allegations in paragraph 2 of the Complaint and on that basis denies all such allegations.

3. Local 355 admits the allegations in paragraph 3 of the Complaint.

4. Local 355 admits that it is an employee organization within the meaning of ERISA § 3(4) and is a party to the CBA, which defines the scope of Fontainebleau's obligation to make contributions to the Fund.  Local 355 admits that its principle place of business is located at 871 NW 167 Street, Miami Gardens, Miami-Dade County, Florida 33169.  Local 355 admits that it represents about 1,077 of Fontainebleau's employees who work in all parts of Fontainebleau. Local 355 lacks information or belief as to the total number of employees and former employees who work or worked in Fontainebleau and on that basis denies all such allegations.  Local 355 denies all other allegations in paragraph 4 of the Complaint.

## SUBJECT MATTER JURISDICTION

5. Local 355 admits that the Court has subject matter jurisdiction over Fontainebleau's claim under ERISA, 29 U.S.C. § 4301(a)(1).  Local 355 denies all other allegations in paragraph 5 of the Complaint.

6. Local 355 admits that employees were temporarily laid off on or about March 30, 2020.  Local 355 further admits that the Fund could commence an action against Fontainebleau to collect delinquent contributions, but the Fund has not yet done so.  Local 355 further admits that this Court has subject matter jurisdiction over the ERISA cause of action pursuant to 28 U.S.C. § 1331.  Local 355 denies all other allegations in paragraph 6 of the Complaint.

7. Local 355 admits that Section 301 of the Labor Management Relations Act of 1947 gives federal courts jurisdiction over claims for breach of collective bargaining agreements. Local 355 denies that this Court has jurisdiction over Fontainebleau's claim against Local 355 because Fontainebleau and Local 355 agreed to arbitrate disputes under the CBA and because the Norris-LaGuardia Act, 29 U.S.C. § 101 *et seq.*, bars the Court from exercising jurisdiction over

Fontainebleau's claim for a stay of arbitration under the CBA.

## VENUE

8. Local 355 admits the allegations in paragraph 8 of the Complaint.

## FACTS SUPPORTING CLAIMS FOR RELIEF

9. Local 355 lacks information or belief as to whether Fontainebleau received letters dated May 14 and June 20, 2020 asserting that Fontainebleau owes contributions to the Fund that the Fund alleges were due on May 10 and June 10, 2020. Local 355 denies that it is foreseeable that many of the layoffs will continue in excess of six months. Local 355 lacks information or belief as to the total amount of contributions that Fontainebleau will ultimately owe on behalf of laid off employees, and on that basis denies such allegations. Local 355 admits that some or all of the employees whom Fontainebleau laid off have or will return to work at Fontainebleau. Local 355 denies each and every remaining allegation in paragraph 9 of the Complaint.

10. Local 355 admits that Fontainebleau temporarily laid off approximately 1,077 employees whom Local 355 represents and that the temporary layoff was effective on or about March 30, 2020. Local 355 admits that Fontainebleau closed temporarily following issuance of an order by the City of Miami Beach. Local 355 denies that Fontainebleau permanently laid off any employees whom Local 355 represents. Local 355 denies all other allegations in paragraph 10 of the Complaint.

11. Local 355 admits that the CBA governs the terms and conditions of employment of a bargaining unit of Fontainebleau's employees and Fontainebleau's authority to lay off employees. Local 355 denies that the language in paragraph of 11 of the Complaint that purports to be quoted from the CBA is complete and accurate. Local 355 denies each and every remaining allegation in paragraph 11 of the Complaint.

12. Local 355 admits that the CBA requires Fontainebleau to make contributions to the Fund under terms set out in the CBA. Local 355 lacks information and belief as to the meaning of "as relevant to the period here" and on that basis denies such allegation. Local 355 denies each and every remaining allegation in paragraph 12 of the Complaint.

13. Local 355 admits that the CBA requires Fontainebleau to make contributions to the Fund on behalf of eligible employees. Local 355 admits that the quoted language appears in Article 28, Section 1 of the CBA without bold type. Local 355 denies each and every remaining allegation in paragraph 13 of the Complaint.

14. Local 355 denies the allegations in paragraph 14 of the Complaint.

15. Local 355 admits that Sections 402(a)(1) and 402(b)(4) of ERISA contain the language quoted in paragraph 15 of the Complaint. Local 355 admits that Section 4.1 of the Fund's Trust Agreement contains the language quoted in paragraph 15 of the Complaint. Local 355 denies that Exhibit 3 is a complete copy of the Trust agreement. Local 355 denies each and every remaining allegation in paragraph 15 of the Complaint.

16. Local 355 admits that Section 1.9 of the Trust Agreement contains a definition of the term "employee" and that Section 1.9(a) contains the language quoted in paragraph 16 of the Complaint. Local 355 denies each and every remaining allegation in paragraph 16 of the Complaint.

17. Local 355 admits that Fontainebleau is obligated to make contributions to the Fund for "eligible employees" as that term is used in Article 28 of the CBA. Local 355 admits that the CBA requires Fontainebleau to recall laid off employees to work instead of rehiring the laid off employees or hiring new employees. Local 355 admits that no employees in its bargaining unit at Fontainebleau worked any hours at Fontainebleau in April 2020. Local 355 denies each and

every remaining allegation in paragraph 17 of the Complaint.

18. Local 355 denies the allegations in paragraph 18 of the Complaint.

19. Local 355 denies the allegations in paragraph 19 of the Complaint.

20. Local 355 admits that in May and June 2020, Fontainebleau recalled a total of approximately 361 employees whom Local 355 represents, and that Fontainebleau has made contributions to the Fund on behalf of recalled employees for time periods following recall. Local 355 denies each and every remaining allegation in paragraph 20 of the Complaint.

21. Local 355 denies the allegations in paragraph 21 of the Complaint.

22. Local 355 admits that it has filed a grievance against Fontainebleau for failing to make contributions to the Fund in May and successive months on behalf of employees whom Fontainebleau laid off in April, that Local 355 amended the grievance to allege a continuing violation, and that Local 355 seeks to arbitrate that grievance.  Local 355 denies each and every remaining allegation in paragraph 22 of the Complaint.

23. Local 355 admits that Article 26, Section 12 of the CBA is quoted accurately in paragraph 23 of the Complaint.  Local 355 denies each and every remaining allegation in paragraph 23 of the Complaint.

24. Local 355 denies the allegations in paragraph 24 of the Complaint.

25. Local 355 denies the allegations in paragraph 25 of the Complaint.

26. Local 355 denies the allegations in paragraph 26 of the Complaint.

27. Local 355 denies the allegations in paragraph 27 of the Complaint.

28. Local 355 denies the allegations in paragraph 28 of the Complaint.

29. Local 355 denies the allegations in paragraph 29 of the Complaint.

30. Local 355 lacks information or belief as to the allegations in paragraph 30 of the

Complaint and on that basis denies each and every such allegation.

## AFFIRMATIVE DEFENSES

31. The Complaint fails to state a claim upon which relief can be granted against Local 355. Local 355 is not a proper defendant to Fontainebleau's claim under ERISA.

32. The Court lacks subject-matter jurisdiction over Fontainebleau's request for an order staying arbitration because the Norris-LaGuardia Act, 29 U.S.C. § 101 *et seq.*, prevents the Court from issuing injunctive relief in cases arising out of a labor dispute.

33. Fontainebleau has failed to exhaust nonjudicial remedies and on that basis the Complaint should be dismissed as to Local 355. Local 355 is entitled to resolve its dispute with Fontainebleau under the arbitration procedures in the CBA, and cannot be compelled to resolve such dispute in a declaratory relief action brought under ERISA.

35. By preemptively seeking a declaratory judgment in this Court, Fontainebleau is forum-shopping and engaged in procedural gamesmanship. As a result, this Court may dismiss Fontainebleau's request for declaratory relief.

## COUNTERCLAIM TO COMPEL ARBITRATION

36. As Fontainebleau alleges, Fontainebleau and Local 355 have a dispute about whether the CBA requires Fontainebleau to make contributions to the Fund on behalf of employees whom Fontainebleau laid off as a result of the Covid-19 pandemic. The CBA requires Fontainebleau and Local 355 to resolve this dispute through arbitration. Local 355 has requested that Fontainebleau arbitrate this dispute, but instead of selecting an arbitrator using the method set out in the CBA, Fontainebleau filed this suit. Accordingly, Local 355 files this counterclaim to compel arbitration.

## PARTIES

37. Counterclaim Plaintiff UNITE HERE Local 355 is a labor organization representing employees in industries affecting commerce within the meaning of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Local 355 represents employees at the Fontainebleau which is in the Southern District of Florida.

38. Counterclaim Defendant Fontainebleau Florida Hotel, LLC ("Fontainebleau") owns and operates a hotel in Miami Beach, which is in the Southern District of Florida, and does business as Fontainebleau Miami Beach.  Fontainebleau is an employer within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

39. Local 355 is ignorant of the true names and capacities of defendants sued herein as Does 1-50, inclusive, and therefore sues these respondents by such fictitious names.  Local 355 will amend this complaint to allege their true names and capacities when ascertained.  Local 355 is informed and believed and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the failure of Fontainebleau arbitrate as set forth in this Counterclaim.

## JURISDICTION AND VENUE

40. This Court has jurisdiction pursuant to Section 301 of the LMRA, 29 U.S.C. §185, and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*.

41. Venue lies within this judicial district pursuant to Section 301(a) of the LMRA, 29 U.S.C. §185(a).

## GENERAL ALLEGATIONS

42. Local 355 and Fontainebleau are parties to a Collective Bargaining Agreement ("CBA") with a term of July 1, 2017 to June 30, 2022.  A true and correct copy of the CBA is

attached hereto as Exhibit A.

43. Article 26 of the CBA contains a grievance and arbitration procedure that permits Local 355 to submit grievances to arbitration if a satisfactory settlement if not reached in the earlier steps of the grievance procedure. Article 26, Section 3(a) of the CBA says that arbitration is "final and binding." Article 26, Section 7 of the CBA says that "[t]he arbitrator shall have jurisdiction and authority to apply, interpret, and determine compliance with the terms of this Agreement, but may not add to, deviate from, detract from, or alter in any way the provisions of this Agreement."

44. In the event that Local 355 submits a grievance to arbitration, Article 26, Section 3 of the CBA requires Local 355 and Fontainebleau to select an arbitrator from a seven-name panel of available arbitrators obtained from the Federal Mediation and Conciliation Service.

45. Article 26, Section 4 of the CBA requires that arbitration be held promptly. It says, "[a]s promptly as possible after the arbitrator has been selected, he/she shall conduct a hearing between the parties and consider the subject matter of the dispute. The arbitrator shall render a decision not later than thirty (30) calendar days from the date of the hearing and such decision will be served on the Employer and the Union in writing and will be final and binding on the parties."

46. Article 28 of the CBA pertains to Health Benefits. Article 28, Section 1 of the CBA states that "[t]he Employer shall pay the contribution as set forth above for each eligible employee covered by this Agreement . . . ."

47. According to Article 28, Section 10 of the CBA, Fontainebleau must make payments for "Full Time employees" but "On-call employees and regular Part-time employees shall not be eligible for coverage, unless they meet the requisite hours set forth above." Section 10 further

states that "[e]ligibility for insurance for Full Time employees shall be based on quarterly paid hours. Quarterly eligibility shall be 350 hours except for July, August, and September in which the quarterly eligibility shall be 300 hours."

48. The final paragraph of Article 28, Section 10 requires Fontainebleau to continue to make contributions for two quarters on behalf of employees who fail to work the required number of hours. It states: "An employee who fails to meet the eligibility requirements in a given quarter shall be notified in writing by the Employer and shall be afforded a second opportunity to reach the eligibility requirement in the following quarter. Should the employee meet the eligibility requirements in the following quarter, the Employer will continue to make monthly contributions for that employee. In the event that an employee fails to meet the eligibility requirements in two consecutive quarters, the employee shall be notified in writing by the Employer and the Employer shall be relieved from making monthly contributions for that employee until such time that the employee meets the eligibility requirements in a subsequent quarter at which point the employee [sic] shall again begin making the specified monthly contribution for that employee."

49. When Fontainebleau lays off employees, the laid off employees remain employees of Fontainebleau for one (1) year. Article 10, Section 4(d) of the CBA states that employees do not lose seniority until they are laid off for over one year. Article 11, Section 3 of the CBA states that "[a] laid off employee shall have recall rights for one (1) year."

50. In response to the Covid-19 pandemic, on approximately March 30, 2020, Fontainebleau laid off employees in the bargaining unit covered by the CBA. To date, Fontainebleau has recalled some, but not all, of the employees it laid off.

51. Since May 2020, Fontainebleau has failed to make contributions to the Fund on

behalf of employees whom it laid off in March and April 2020.  By failing to make such contributions, Fontainebleau has violated Article 26 of the CBA.  In response, Local 355 filed a grievance protesting such failure.  Fontainebleau denied Local 355's grievance.

52. On or about June 12, 2020, Local 355 submitted the grievance described in paragraph 51 to arbitration.  On or about June 15, 2020, Local 355 requested a panel of seven arbitrators from the Federal Mediation and Conciliation Service, which the Federal Mediation and Conciliation Service provided to Local 355 and Fontainebleau.

53. Counsel for Fontainebleau and counsel for Local 355 scheduled a phone call on June 26, 2020 for the purpose of selecting an arbitrator from the panel of arbitrators that the Federal Mediation and Conciliation Service provided.  Counsel for Fontainebleau did not select an arbitrator through the procedure required by Article 26, Section 3 of the CBA because, by that point, Fontainebleau had filed the Complaint in this case.  To date, Fontainebleau has failed to select an arbitrator to resolve Local 355's grievance over Fontainebleau's failure to make contributions to the Fund on behalf of laid off employees.

54. As justification for seeking a stay of arbitration, Fontainebleau alleges in paragraph 25 of the Complaint that it "will be irreparably harmed by permitting the grievance arbitration to proceed because the Fund, a non-party thereto, would not be bound by any decision by the arbitrator on the issue of the duty to contribute and Fontainebleau would then be exposed to a subsequent federal collection suit by the Fund even if Fontainebleau prevails in arbitration." On or about July 9, 2020, the Fund notified that Fontainebleau that it would be "bound by any decision by the arbitrator on the issue of the duty to contribute to the Fund under the Collective Bargaining Agreement."

<u>CAUSE OF ACTION – ORDER COMPELLING ARBITRATION</u>

55.  Local 355 incorporates by reference the allegations contained in paragraphs 1 to 54 as if fully set forth herein.

56.  Local 355 and Fontainebleau dispute whether Fontainebleau has an obligation under the CBA to make contributions to the Fund on behalf of employees whom Fontainebleau laid off. Resolution of this dispute between Local 355 and Fontainebleau is within the exclusive jurisdiction of an arbitrator selected through the procedure set out in the CBA.

<u>REQUEST FOR RELIEF</u>

Wherefore, Local 355 prays that this Court:

a.  Enter a judgment in Local 355's favor and compel Fontainebleau to submit to arbitration before an arbitrator selected from the list of seven arbitrators that the Federal Mediation and Conciliation Service provided;

b.  Award Local 355 its costs and reasonable attorney's fees expended in bringing this petition; and

c.  Award to Local 355 any and all other relief as this Court deems just and proper.

Date:                    Respectfully Submitted,

   /s/ Kristin L. Martin /s/_____
Kristin L. Martin, (*Pro Hac Vice Admission Pending*)
McCRACKEN, STEMERMAN & HOLSBERRY, LLP
595 Market Street, Suite 800
San Francisco, CA 94105
Tel:     415-597-7200
Fax:     415-597-7201
Email:   klm@msh.law

*[signature]*

**D. Marcus Braswell, Jr. (146160)**
**Howard S. Susskind (184696)**
mbraswell@sugarmansusskind.com
hsusskind@sugarmansusskind.com
**SUGARMAN & SUSSKIND, P.A.**
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
Tel. (305) 529-2801
Fax. (305) 447-8115

*Attorneys for Defendant UNITE HERE Local 355*

## CERTIFICATE OF SERVICE

I certify that on August 3, 2020, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all parties and/or counsel of record identified on the below Service List, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: __/s/ D. Marcus Braswell, Jr.__
D. MARCUS BRASWELL, JR.

## SERVICE LIST

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Russell S. Buhite, FL 0831085
Russell.Buhite@ogletree.com
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Telephone: 206-693-7057 & Fax: 206-693-7058

S. Kathleen Massing, FL 0722219
Kathleen.Massing@ogletree.com
100 North Tampa Street, Suite 3600
Tampa, FL 33602
Telephone: 813-289-1247 & Fax: 813-289-6530

**Attorneys for Plaintiff FONTAINEBLEAU HOTEL FLORIDA, LLC**