**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 1:20-cv-22667-RNS**

FONTAINEBLEAU FLORIDA HOTEL, LLC,

    Plaintiff,

v.

THE SOUTH FLORIDA HOTEL AND
CULINARY EMPLOYEES WELFARE FUND and
UNITE HERE, LOCAL 355,

    Defendants.

WENDI WALSH, MICHAEL J. D'ANGELO,
JEREMY CRUZ HAICKEN and GEORGE
GREENE as Trustees of THE SOUTH FLORIDA
HOTEL AND CULINARY EMPLOYEES
WELFARE FUND,

    Counter Plaintiffs,

v.

FONTAINEBLEAU FLORIDA HOTEL, LLC,

    Counter Defendant.

**FONTAINEBLEAU FLORIDA HOTEL, LLC'S ANSWER AND AFFIRMATIVE
DEFENSES TO DEFENDANT/COUNTER PLAINTIFFS THE SOUTH FLORIDA
HOTEL AND CULINARY EMPLOYEES WELFARE FUND TRUSTEE'S
COUNTERCLAIM**

NOW COMES Counter Defendant Fontainebleau Florida Hotel, LLC ("Fontainebleau"), by and through its undersigned counsel, and hereby answers the Counterclaim filed by Counter Plaintiffs WENDI WALSH, MICHAEL J. D'ANGELO, JEREMY CRUZ HAICKEN and

1

GEORGE GREENE, as Trustees of the SOUTH FLORIDA HOTEL AND CULINARY EMPLOYEES WELFARE FUND (collectively, the "Trustees") as follows:

### I. NATURE OF ACTION, JURISDICTION, AND VENUE

1. Admitted that Trustees have asserted a claim for alleged delinquent contributions under Sections 502, 515 of ERISA. Fontainebleau denies Trustees' claims for relief.

2. Denied as to breach. Admitted as to venue. Otherwise, denied.

### II. PARTIES

3. Fontainebleau is without sufficient information or knowledge to admit or deny the allegations in Paragraph 3 and, therefore, denies the same.

4. Admitted.

5. Admitted.

6. Admitted.

### III. CAUSE OF ACTION

7. Admitted that Fontainebleau was a signatory to a collective bargaining agreement (CBA) with UNITE HERE Local 355, the terms and obligations of which speak for themselves. Otherwise, denied.

8. Admitted.

9. Admitted.

10. Admitted that Fontainebleau was a signatory to the CBA, the terms and obligations of which speak for themselves. Otherwise, denied.

11. Denied.

12. Denied.

13. Fontainebleau is without sufficient information or knowledge to admit or deny the allegations in Paragraph 13 and, therefore, denies the same.

14. Denied.

## PRAYER FOR RELIEF

In response to the Trustees' request for relief, Fontainebleau denies that the Trustees are entitled to any of the listed items of relief in their Counterclaim, and prays that the Trustees take nothing by way of their Counterclaim. Fontainebleau requests reimbursement of its attorneys' fees and costs pursuant to ERISA, 29 U.S.C. §1132(g)(1), and all other just and proper relief.

## AFFIRMATIVE DEFENSES

Fontainebleau asserts the following defenses, each as a separate and distinct defense to the Trustees' alleged causes of action, as well as to their entire Counterclaim. Fontainebleau does not assume the burden of any defense asserted that is adjudged not to be an affirmative defense. Fontainebleau reserves the right to assert such other and further defenses of which it may become aware through discovery or otherwise.

## FIRST DEFENSE

The Counterclaim, and each and every purported claim for relief therein, fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Fountainebleau's obligations to contribute to the Fund are governed by the CBA, and relevant provisions of the Fund's Trust Agreement, Plan documents, and amendments thereto. The governing documents do not require Fontainebleau to contribute to the Fund as to individuals who have been laid off as they do not qualify as "full time" employees "working for" Fontainebleau for whom contributions are owed to the Fund.

### THIRD DEFENSE

Fontainebleau has complied with and performed all of its promises, obligations, and duties under the CBA.

### FOURTH DEFENSE

Trustees' counterclaim is defeated, in whole or in part, by the doctrines of waiver and/or estoppel.

### FIFTH DEFENSE

Trustees' demand for attorneys' fees should be denied because Fontainebleau's defenses and actions in regard to its determination that it owes no obligation to contribute to the Fund for individuals who have been laid off are, and were, reasonable and made in good faith.

### SIXTH DEFENSE

Trustees' demand for liquidated damages, insofar as it may be based on the percentage set forth in the Trust Agreement, is void as a penalty and should, therefore, be denied for three reasons: (1) any harm to Trustees as a result of the unpaid contributions at issue would not be difficult or impossible to estimate; (2) the amount set forth in the governing documents for liquidated damages is not a reasonable forecast of just compensation for any harm caused; (3) the amount set forth in the governing documents is not the result of a good faith attempt to set an amount equivalent to anticipated damages.

### SEVENTH DEFENSE

Fontainebleau reserves the right to amend, modify, or plead additional defenses based upon facts or information ascertained as this matter proceeds.

### REQUESTED RELIEF

Counter Defendant Fontainebleau Hotel Florida, LLC respectfully requests that the Court:

1.  Dismiss Counter Plaintiffs' counterclaims against Fontainebleau with prejudice, and enter judgment in Fontainebleau's favor on such counterclaims;

2.  Award Fontainebleau its costs of suit, including reasonable attorneys' fees under 29 U.S.C. §1132(g)(1); and

3.  Grant such other relief as is appropriate under the circumstances of this case.

> Respectfully submitted,
>
> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>
> */s/ Russell S. Buhite*
> Russell S. Buhite, FL 0831085
> Russell.Buhite@ogletree.com
> 1201 Third Avenue, Suite 5150
> Seattle, WA 98101
> Telephone:   206-693-7057
> Facsimile:   206-693-7058
>
> */s/ S. Kathleen Massing*
> S. Kathleen Massing, FL 0722219
> Kathleen.Massing@ogletree.com
> 100 North Tampa Street, Suite 3600
> Tampa, FL  33602
> Telephone:   813-289-1247
> Facsimile:   813-289-6530
>
> */s/ Charles E. Engeman*
> Charles E. Engeman
> (*Pro Hac Vice* admission pending)
> Charles.Engeman@ogletree.com
> The Tunick Building
> 1336 Beltjen Road, Suite 201
> St. Thomas, USVI  00802
> Telephone:   340-714-1233
> Facsimile:   340-714-1245
>
> *Attorneys for Plaintiff/Counter Defendant*
> *FONTAINEBLEAU HOTEL FLORIDA, LLC*

**CERTIFICATE OF SERVICE**

I certify that on August 24, 2020, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all parties and/or counsel of record identified on the below Service List, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Russell S. Buhite*
RUSSELL S. BUHITE

**SERVICE LIST**

D. Marcus Braswell, Jr., FL 46160
Howard S. Susskind, FL 184696
SUGARMAN & SUSSKIND, P.A.
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
Telephone: (305) 529-2801
Facsimile: (305) 447-8115
Email: mbraswell@sugarmansusskind.com
hsusskind@sugarmansusskind.com

*Attorneys for Defendant The South Florida Welfare Fund, Counter Plaintiff Fund Trustees, and Counterclaim Plaintiff UNITE HERE, Local 355*

Kristin L. Martin, CA Bar No. 206528
(admitted *Pro Hac Vice*)
McCRACKEN, STEMERMAN & HOLSBERRY, LLP
595 Market Street, Suite 800
San Francisco, CA 94105
Telephone: (415) 597-7200
Facsimile: (415) 597-7201
Email: klm@msh.law

*Attorneys for Counterclaim Plaintiff UNITE HERE, Local 355*

43783333.2